UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| ROBERT EVANS LEWIS, III, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 7:18-cv-02050-LSC-JHE |
| CITY OF DECATUR, ALABAMA, et al., | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

The magistrate judge filed a report on December 6, 2019, recommending the plaintiff's claims against the City of Decatur Police Department and the City of Decatur based on municipal liability be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) for failing to state a claim upon which relief may be granted. (Doc. 10). The magistrate judge further recommended that the plaintiff's claims against Derrick Anderson for malicious prosecution related to the October 18, 2016 DUI charge and the plaintiff's claims against Michael Kent for wrongful arrest concerning his February 17, 2017 arrest be referred to the magistrate judge for further proceedings. (*Id.*).

The plaintiff filed timely objections to the report and recommendation. (Doc. 11). The plaintiff first objects to the finding that a motion to revoke his bond was filed in state court on February 10, 2017. (*Id.* at 1). However, this court may take

judicial notice of state court pleadings, *Keith v. DeKalb County, Georgia*, 749 F.3d 1034, 1041 n.18 (11th Cir. 2014), and that motion appears in state court records. *See State v. Robert Evans Lewis*, *III*, DC-2016-0001478.00 (state court doc. 11). Therein, an Assistant District Attorney alleged "[o]n or about August 30, 2016, the defendant reportedly went to wife's house, damaged property, physically assaulted her and attempted to run over her with his car." (*Id*.). Whether or not those allegations are true has no relevance to the claims before this court. The magistrate judge noted the existence of the February 10, 2017 motion to revoke bond because here, the plaintiff challenges his February 17, 2017 arrest. (*See* doc. 10 at 9).

Similarly, while the plaintiff "objects to the Court's finding that on October 24, 2016, he failed to appear in Decatur Municipal Court …" (doc. 11 at 1), again that statement is drawn from the state court motion to revoke bond. Whether or not the plaintiff actually failed to appear in Decatur Municipal Court on October 24, 2016, has no bearing on the merits of his claims here. Rather, in this action, the plaintiff alleges wrongful arrest. The fact of the motion to revoke bond is relevant to the legitimacy of the plaintiff's arrest. The reasons underlying the motion to revoke bond, and whether or not those reasons have merit, are issues for the state court. The plaintiff's objections to this court acknowledging the existence of the state court motion to revoke bond are overruled.

The plaintiff next objects to the finding that his current detention appears to be based upon the bond revocation, because the bodycam footage of his arrest shows defendant Michael Kent first telling the plaintiff he is under arrest for a felony warrant, then admitting no felony warrant exists, then arresting the plaintiff for misdemeanor public intoxication. (Doc. 11 at 2). However, the court actually found "nothing in the record currently before the Court rules out the possibility the plaintiff was wrongfully arrested and detained on a false public intoxication charge on February 17, 2017. (Doc. 10 at 10). In other words, the finding the plaintiff objects to is the very finding he asserts the court should have made. This objection is overruled.

Finally, the plaintiff objects to the finding that his failure to supervise claim against the City of Decatur fails to state a claim upon which relief can be granted. (Doc. 11 at 2). In his amended complaint, the plaintiff alleged only that "City of Decatur, AL has custom of arresting me without field sobriety test and charging me with DUI or PI even after 0.0% BAC is established which constitutes deliberate indifference." (Doc. 9 at 4). The plaintiff now claims the purchase of bodycams was "specifically for the purpose of supervising the officers wearing the cameras. Obviously the municipality knew of the need when it purchased the cameras … and ignoring what they capture constitutes deliberate indifference." (Doc. 11 at 2).

To establish a claim against a city for failing to supervise, a plaintiff must allege "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). As explained by the Eleventh Circuit

> To allege a custom or policy giving rise to a substantive-due-process violation, a plaintiff must point to either an officially promulgated policy or an unofficial custom or practice of the government entity shown through the repeated acts of a final policymaker for that entity. *Grech v. Clayton Cty.*, 335 F.3d 1326, 1329–30 (11th Cir. 2003). Either way, though, a plaintiff "(1) must show that the local governmental entity ... has authority and responsibility over the governmental function in issue and (2) must identify those officials who speak with final policymaking authority for that local governmental entity concerning the act alleged to have caused the particular constitutional violation in issue." *Id.*, at 1330. We have noted that a government entity almost never will have a formal policy allowing a particular constitutional violation. *Id.* So, usually, a plaintiff must demonstrate that the government entity has a custom or practice of allowing the particular constitutional violation. *Id.* To do this, a plaintiff generally must show "'a persistent and widespread practice.'" *Church v. City of Huntsville*, 30 F.3d 1332, 1345 (11th Cir. 1994) (quoting *Depew v. City of St. Marys*, 787 F.2d 1496, 1499 (11th Cir. 1986)). Indeed, the practice must be extensive enough to allow actual or constructive knowledge of such customs or policies to be attributed to the governing body of the municipality. *Id.* "Normally random acts or isolated incidents are insufficient to establish a custom or policy." *Church*, 30 F.3d at 1345 (quoting *Depew v. City of St. Marys*, 787 F.2d at 1499).

*Daniel v. Hancock County School Dist.*, 626 F. App'x 825, 832 (11th Cir. 2015).

Nothing in the plaintiff's allegations identifies a municipal policy or custom. Rather, the plaintiff claims only that, on two occasions, he was wrongfully arrested for DUI when he was not intoxicated. The plaintiff asserts the city purchased the

4

bodycams to supervise its officers and therefore the failure to review the bodycam footage amounts to a failure to supervise the officers. The problem with this argument is that the city's failure to review the bodycam footage did not cause a violation of the plaintiff's constitutional rights. Nothing in the plaintiff's wholly conclusory, unsupported statements concerning the purchase of bodycams supports a finding that a city decisionmaker knew that City of Decatur police officers needed further supervision in arresting suspects, and with that knowledge, failed to undertake any training. Rather, the plaintiff's objection makes clear he seeks to hold the city liable "for the wrongful actions of its police officers in making a false arrest." *See Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998). Section 1983 does not permit such respondeat superior liability. *Id*.

Based on the foregoing, the plaintiff's objection to the conclusion that he failed to state a viable claim for municipal liability for failure to supervise is overruled.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, the plaintiff's objections are **OVERRULED**. The magistrate judge's report is hereby **ADOPTED** and the recommendation is **ACCEPTED**. The court **ORDERS** that the plaintiff's claims against the City of Decatur Police Department, the City of Decatur, and claims based on excessive bail are **DISMISSED WITHOUT PREJUDICE** pursuant to 28

5

U.S.C. § 1915A(b).  The court further **ORDERS** that the plaintiff's claims against defendant Derrick Anderson for wrongful arrest and false imprisonment are **DISMISSED WITH PREJUDICE** as barred by the statute of limitations.

The court further **ORDERS** that the plaintiff's remaining claims, specifically his malicious prosecution claim against Derrick Anderson based on the October 18, 2016 arrest and later dismissal of that charge, and his wrongful arrest and false imprisonment claim against Michael Kent concerning his February 17, 2017 arrest, are **REFERRED** to the magistrate judge for further proceedings.

DONE AND ORDERED ON JANUARY 8, 2020.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704